IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
MARK PARKER and GLORIA J.    )
PAYER, and those similarly   )
situated,                    )
                             )
          Plaintiffs,        )         8:15CV159
                             )
     v.                      )
                             )
THURSTON COUNTY, NEBRASKA,   )         MEMORANDUM OPINION
CAROLINE FRENCHMAN, et al.,  )
                             )
          Defendants.        )
_____)
```

This matter is before the Court on three motions to dismiss for failure to state a claim. Defendants Douglas Luebe ("Luebe") and the State of Nebraska were the first to file (Filing No. 3). Defendants Darren Wolfe ("Wolfe"), Georgia Mayberry ("Mayberry"), Leonard Peters ("Peters"), Dan Trimble ("Trimble"), Mark English ("English"), and Shelly Perez ("Perez") were the next to file (Filing No. 15). Finally, defendants Village of Walthill, Mike Grant ("Grant"), Gwen Porter ("Porter"), Vida Stabler ("Stabler"), Drew King ("King"), Michael Wolfe, Sr. ("Wolfe, Sr."), Earlene Hradec ("Hradec"), and Randy Urbanec ("Urbanec") filed (Filing No. 18). As of the date of this memorandum opinion, the plaintiffs have failed to respond to any motions. After review of the motions, briefs, indices of evidence, and case law, the Court finds as follows.

First, the Court finds the United States Court of Appeals for the Eighth Circuit has already ruled on this issue, and it found that Nebraska retained jurisdiction over offenses involving the operation of motor vehicles on public roads or highways.  *Walker v. Rushing*, 898 F.2d 672, 673-74 (8th Cir. 1990).  The Eighth Circuit, at the urging of the Omaha Tribe through an amicus brief, construed an offense that involved the operation of a motor vehicle on a public road within the boundaries of the Omaha Reservation as a "matter that was never retroceded back to the federal government pursuant to 25 U.S.C. § 1323(a)."  *Id.* at 674.

Second, the Court finds the plaintiffs' reading of the retrocession expansive.  Judge Robinson's opinion appears to be the only place wherein the words "public road" are modified by the word "state."  Though ostensibly benign, the plaintiffs read the order to create a qualification never contemplated in the retrocession.  The operative statutory definition of highways during the time of retrocession was as follows:

> Highway shall mean every way or place of whatever nature open to the use of the public, as a matter of right, for the purposes of vehicular travel, but shall not be deemed to include a roadway or drive upon grounds owned by private persons, colleges, universities, or other institutions.

Neb. Rev. Stat. § 39-1402 (formerly Neb. Rev. Stat. § 39-741(5) (1957)).  With this context in mind, the Court finds the plaintiffs' arguments misconstrue the retrocession.

Third and finally, the statute of limitations has run on these claims; therefore, the Court must dismiss the complaint. *See Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004), 42 U.S.C. § 1983, Neb. Rev. Stat. § 25-207, *Anthony K. v. Nebraska Dept. of Health and Human Servs.*, 289 Neb. 541, 855 N.W.2d 788 (2014).

Therefore, the Court finds that Nebraska law enforcement retains jurisdiction on public roads, including the roads of Walthill and roads operated by the Bureau of Indian Affairs.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 27th day of July, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court