IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

MARK PARKER and GLORIA J. )
PAYER, and those similarly )
situated, )
                                            )
                Plaintiffs, )        8:15CV159
                                            )
      v. )
                                            )
THURSTON COUNTY, NEBRASKA, )        MEMORANDUM OPINION
CAROLINE FRENCHMAN, et al., )
                                            )
                Defendants. )
_____)

        This matter is before the Court on plaintiffs' Mark Parker, Gloria J. Payer, "[a]nd Those Similarly Situated" ("plaintiffs") Motion for New Trial (Filing No. 23). Plaintiffs filed their "Motion for New Trial" on August 24, 2015. *See id.* Defendants filed their responses on September 1, 2015 (Filing No. 25) and September 3, 2015 (Filings Nos. 26 and 27). As of the date of this Order, plaintiffs have failed to reply.[1]

        Plaintiffs fail to specify the rule upon which they rely in bringing the present motion. *See* Filing Nos. 23 and 24. Plaintiffs title their present motion as a "Motion for New Trial"

---

[1] The local rules provide that any reply be filed "within 7 days after the opposing party files and serves the opposing brief." NECivR 7.1(c). In accordance with the local rules, plaintiff has failed to timely reply. Instead plaintiffs filed a Notice of Filing of Exhibits (Filing No. 28) and Request for Judicial Notice (Filing No. 29).

and allude to Federal Rule of Civil Procedure 59. *See id.* However plaintiffs' brief is unclear, especially given the prior disposition of the case. "[W]hen a party fails to specify the rule under which its motion is made, courts are 'put in the difficult position of deciding' how best to characterize the motion." *White v. Smith*, 808 F. Supp. 2d 1174, 1234 (D. Neb. 2011) (quoting *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). It seems unlikely to the Court that plaintiffs' motion ought to be construed under Federal Rule of Civil Procedure 59. Rule 59 applies after either a bench or jury trial has taken place. *See* Fed. R. Civ. P. 59(a) (discussing relief after jury and nonjury trials). Since the Court dismissed plaintiffs' complaint long before a trial occurred, it is difficult to determine how a new trial could be requested, let alone granted, when a first trial never took place. The Court will therefore construe plaintiffs' motion as one arising under Federal Rule of Civil Procedure 60(b).[2]

---

[2] The Eighth Circuit has held that the analysis under Rules 59(e) and 60(b)(2) is identical. Therefore, although the Court will interpret plaintiffs' motion as one arising under Rule 60, this conclusion would not make any difference in the Court's ultimate conclusion or the case's disposition. *See U.S. v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 n.3 (8th Cir. 2006).

Federal Rule of Civil Procedure 60(b) provides grounds upon which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding ...." Fed. R. Civ. P. 60(b). Subsections one and two of Rule 60 allow relief for "mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *Id.* The Court finds that plaintiffs fail to satisfactorily provide any of the reasons for which the Federal Rules provide relief. Therefore, the Court will deny plaintiffs' motion for a new trial. *See Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001). A separate order will be entered in accordance with this memorandum opinion.

DATED this 22nd day of September, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court